ADRIENNE C. PUBLICOVER (SBN 161432)
CATHERINE GREGORY (SBN 242006)
WILSON, ELSER, MOSKOWITZ,
　EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:　(415) 433-0990
Facsimile:　(415) 434-1370
adrienne.publicover@wilsonelser.com
catherine.gregory@wilsonelser.com

Attorneys for Plaintiff
**AMERICAN GENERAL LIFE INSURANCE COMPANY**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID ROSENTHAL, an individual; JEFFREY ROSENTHAL, an individual; and DOES 1-10 inclusive,<br><br>　　　　Defendants. | Case No. CV 10-0357 JSW<br><br>**STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF JUDGMENT IN INTERPLEADER** |

IT IS HEREBY STIPULATED, by and between plaintiff American General Life Insurance Company ("AGLIC") and defendants David Rosenthal ("David") and Jeffrey Rosenthal ("Jeffrey")(hereinafter AGLIC, David, and Jeffrey referred to collectively as "the Parties"), by and through their attorneys of record:

1. That this Court may enter a stipulated judgment in interpleader in the form attached hereto as **Exhibit B**;

2. That AGLIC properly filed its complaint in interpleader and for declaratory relief and this is a proper cause for interpleader by and between the Parties;

3. That David and Jeffrey hereby consent to the jurisdiction of this Court in this matter;

4. That on or about April 12, 2004, AGLIC issued life insurance policy number UME154616L ("the Policy) insuring the lives of Kenneth W. Rosenthal ("Kenneth") and Joan Rosenthal ("Joan"). The policy provides that "[p]ayment of a death benefit under this policy will be made upon the death of the last survivor of the Contingent Insureds named on the Policy Schedule." Kenneth and Joan were named as Contingent Insureds on the Policy Schedule;

5. That the Policy named David and Jeffrey beneficiaries in equal shares. There are no contingent beneficiaries;

6. That, by reason of the deaths of Kenneth, on or about January 14, 2009, and Joan, on or about September 22, 2009, the death benefits became due and owing;

7. That Joan's death was a homicide that the Marin County Sheriffs' Department has been investigating. To date, the investigation is on-going;

8. That, as of the date the Complaint in Interpleader was filed, the Marin County Sheriffs' Department had not been able to rule out totally the possibility that the beneficiaries were involved in Joan's murder;

9. That, pursuant to California Probate Code Sections 252 and 254, if a beneficiary is convicted of killing an insured feloniously and intentionally, the insurance proceeds would pass as if the beneficiary had predeceased the insured;

10. That on or about October 29, 2009, David submitted a claim for his share of the Policy proceeds.

11. That on or about November 5, 2009, Jeffrey submitted a claim for his share of the Policy proceeds;

12. That from September 2009 through the present, the Marin County Sheriffs' Department has been investigating Joan's murder;

13. That as part of the Sheriffs' Department's efforts to conduct a thorough investigation, Jeffrey and David both have submitted to polygraph tests. Pursuant to **Exhibit C**, the Marin County Sheriffs' Department recently has advised that neither Jeffrey nor David is a suspect at this time in Joan's murder. Furthermore, pursuant to Exhibit C, the Marin County Sheriffs' Department recently has advised that the Department has no issue with any life insurance proceeds being released to Jeffrey or David;

14. That in view of the potential competing claims at the time, AGLIC properly filed this interpleader action and deposited the sum of $1,012,246.31 ("the Benefit Proceeds"), with the Court. This amount represents the full face value of the policy plus interest as of the date of deposit;

15. That AGLIC has no further liability beyond its admitted and fully discharged liability of $1,012,246.31 under or in connection with the Policy or arising from the deaths of Kenneth and Joan. In light of its deposit with the Court of this sum, AGLIC is hereby fully released and discharged from this entire action, with prejudice, and from any and all liability under and in connection with the Policy on any theory whatsoever, whether in tort, in contract, by statute, or otherwise. AGLIC has agreed to waive its right to seek fees and costs in connection with the filing of the interpleader action in consideration of this stipulated discharge, release, and dismissal;

16. That David is entitled to half of the Benefit Proceeds and accrued interest, the total of which as of February 12, 2010, is $506,123.15. This amount and any interest thereon accrued after February 12, 2010, shall be made payable to David Rosenthal;

17. That Jeffrey is entitled to half of the Benefit Proceeds and accrued interest, the total of which as of February 12, 2010, is $506,123.15. This amount and any interest thereon accrued after February 12, 2010, shall be made payable to Jeffrey Rosenthal;

18. That David and Jeffrey and/or their heirs, successors, predecessors, assigns, are permanently enjoined from instituting or prosecuting any proceeding in any state or United

1  States court against AGLIC, its predecessors, successors, subsidiaries, affiliates, parent
2  corporation, officers, employees and/or agents with respect to the Benefit Proceeds due under the
3  Policy, except as necessary to enforce the judgment entered in this action;

4      19.    That this stipulation may be executed in counterparts and, when so executed, may
5  be considered one and the same instrument. A facsimile or electronically scanned signature will
6  have the same force and effect as an original signature;

7      20.    That an order and judgment may be entered by the Court in accordance with the
8  terms set forth above, and that a dismissal of AGLIC from the entire action with prejudice will
9  be filed forthwith.

**IT IS SO STIPULATED.**

Date: ~~February~~ March 2, 2010     WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
ADRIENNE C. PUBLICOVER
CATHERINE GREGORY
Attorneys for Plaintiff
AMERICAN GENERAL LIFE INSURANCE
COMPANY

Date: February 25, 2010     MITCHELL, HEDIN, BREINER, EHLENBACH & BURGLIN

By: _____
DEBORAH L. BREINER
Attorney for Defendants
DAVID ROSENTHAL and JEFFREY ROSENTHAL

**ORDER**

**IT IS SO ORDERED.**

Dated: March 2, 2010     By: _____
Honorable Jeffrey White
UNITED STATES DISTRICT JUDGE

---

4
STIPULATION AND ~~[PROPOSED]~~ ORDER FOR DISCHARGE AND DISMISSAL
514347.1     USDC NDCA CASE NO.: 10-0357 LC

# EXHIBIT B

ADRIENNE C. PUBLICOVER (SBN 161432)
CATHERINE GREGORY (SBN 242006)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN& DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370
adrienne.publicover@wilsonelser.com
catherine.gregory@wilsonelser.com

Attorneys for Plaintiff
**AMERICAN GENERAL LIFE INSURANCE COMPANY**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>DAVID ROSENTHAL, an individual;<br>JEFFREY ROSENTHAL, an individual; and<br>DOES 1-10 inclusive,<br><br>            Defendants. | Case No. CV 10-0357 JSW<br><br>**[PROPOSED] STIPULATED JUDGMENT IN INTERPLEADER** |

Upon reading the Stipulation and Order for Entry of Judgment in Interpleader submitted by and between plaintiff American General Life Insurance Company ("AGLIC") and defendants David Rosenthal ("David") and Jeffrey Rosenthal ("Jeffrey") (hereinafter David, Jeffrey, and AGLIC referred to collectively as "the Parties"), and it appearing that AGLIC has properly brought this action in interpleader, that this Court has jurisdiction of the parties and of the subject herein, and that good cause appearing therefore,

---

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That AGLIC properly filed its complaint in interpleader and for declaratory relief and this is a proper cause for interpleader by and between the Parties;

2. That David and Jeffrey hereby consent to the jurisdiction of this Court in this matter;

3. That on or about April 12, 2004, AGLIC issued life insurance policy number UME154616L ("the Policy) insuring the lives of Kenneth W. Rosenthal ("Kenneth") and Joan Rosenthal ("Joan"). The policy provides that "[p]ayment of a death benefit under this policy will be made upon the death of the last survivor of the Contingent Insureds named on the Policy Schedule." Kenneth and Joan were named as Contingent Insureds on the Policy Schedule;

4. That the Policy named David and Jeffrey beneficiaries in equal shares. There are no contingent beneficiaries;

5. That, by reason of the deaths of Kenneth, on or about January 14, 2009, and Joan, on or about September 22, 2009, the death benefits became due and owing;

6. That Joan's death was a homicide that the Marin County Sheriffs' Department has been investigating. To date, the investigation is on-going;

7. That, as of the date the Complaint in Interpleader was filed, the Marin County Sheriffs' Department had not been able to rule out totally the possibility that the beneficiaries were involved in Joan's murder;

8. That, pursuant to California Probate Code Sections 252 and 254, if a beneficiary is convicted of killing an insured feloniously and intentionally, the insurance proceeds would pass as if the beneficiary had predeceased the insured;

9. That on or about October 29, 2009, David submitted a claim for his share of the Policy proceeds;

10. That on or about November 5, 2009, Jeffrey submitted a claim for his share of the Policy proceeds;

11. That from September 2009 through the present, the Marin County Sheriffs' Department has been investigating Joan's murder;

12. That as part of the Sheriffs' Department's efforts to conduct a thorough investigation, Jeffrey and David both have submitted to polygraph tests. Pursuant to **Exhibit A**, the Marin County Sheriffs' Department recently has advised that neither Jeffrey nor David is a suspect at this time in Joan's murder. Furthermore, pursuant to Exhibit A, the Marin County Sheriffs' Department recently has advised that the Department has no issue with any life insurance proceeds being released to Jeffrey or David;

13. That in view of the potential competing claims at the time, AGLIC filed this interpleader action and deposited the sum of $1,012,246.31 ("the Benefit Proceeds"), with the Court. This amount represents the full face value of the policy plus interest;

14. That AGLIC has no further liability beyond its admitted and fully discharged liability of $1,012,246.31 under or in connection with the Policy or arising from the deaths of Kenneth and Joan. In light of its deposit with the court of this sum, AGLIC is hereby fully released and discharged from this entire action, with prejudice, and from any and all liability under and in connection with the Policy on any theory whatsoever, whether in tort, in contract, by statute, or otherwise. AGLIC has agreed to waive its right to seek fees and costs in connection with the filing of the interpleader action in consideration of this stipulated judgment;

15. That David is entitled to half of the Benefit Proceeds and accrued interest, the total of which as of February 12, 2010, is $506,123.15. This amount and any interest thereon accrued after February 12, 2010, shall be made payable to David Rosenthal;

16. That Jeffrey is entitled to half of the Benefit Proceeds and accrued interest, the total of which as of February 12, 2010, is $506,123.15. This amount and any interest thereon accrued after February 12, 2010, shall be made payable to Jeffrey Rosenthal;

17. That David and Jeffrey and/or their heirs, successors, predecessors, assigns, are permanently enjoined from instituting or prosecuting any proceeding in any state or United States court against AGLIC, its predecessors, successors, subsidiaries, affiliates, parent corporation, officers, employees and/or agents with respect to the Benefit Proceeds due under the Policy, except as necessary to enforce the judgment entered in this action;

18. That AGLIC is dismissed from this action with prejudice.

**IT IS SO ORDERED.**

Dated: March 2, 2010      By: _____
                              Honorable Jeffrey White
                              UNITED STATES DISTRICT JUDGE